Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Gerardo J. Sosa (SBN 313627)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
gsosa@toddflaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA CANTU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>F21 OPCO, LLC, a DELAWARE limited liability company d/b/a WWW.FOREVER21.COM,<br><br>Defendant. | **CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF THE CALIFORNIA TAP AND TRACE LAW [CAL. PENAL CODE § 638.51].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TANYA CANTU ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

# INTRODUCTION

In argument before the United States Supreme Court on January 10th, 2025, America's Solicitor General called social media app TikTok a ***"grave threat to our nation*.*"*** Justice Kavanaugh went further, saying "secret evidence provided by the government" showed that the Chinese government is likely using TikTok ***"to develop spies and blackmail people working in the FBI or the CIA or in the State Department.*"** After a classified briefing, the Chairman of the House Committee on Homeland Security likened TikTok to a ***"spy balloon in your phone."***[1]

TikTok's ability to spy on Americans requires the active assistance of companies like Defendant, which created an online presence at **forever21.com** (the "Website") and encourages consumers to use the website as an alternative to personal interaction. Defendant well understands that its Website is a means to communicate privately with potential customers – a consumer expectation that is not only reasonable, but actively nurtured by Defendant. Indeed, Defendant assures consumers that they only ***"disclose aggregated or de-identified information that cannot reasonably be used to identify you*.*"*** *See* https://www.forever21.com/us/privacypolicy.html (last accessed January 2025).

Defendant lied. In reality, the Website operates as a digital "trojan horse"[2] to help the Chinese government use TikTok to spy on visitors to the Website, track their journey across the web, eavesdrop on their conversations, and bombard them with targeted advertising. In words too plain to question, the California Legislature has made clear that this secret, invasive surveillance violates California law.

---

[1] Zach Schonfeld, **TikTok Gets Frosty Reception At Supreme Court In Fight To Stave Off Ban**. https://thehill.com/regulation/court-battles/5079608-supreme-court-tik-tok-ban/ (January 10, 2025).
[2] The National Institute of Standards and Technology defines a "trojan horse" as "A computer program that appears to have a useful function, but also has a hidden and potentially malicious function that evades security mechanisms." *See* https://csrc.nist.gov/glossary/term/trojan_horse (last accessed January 2025); Adonis Hoffman, **TikTok Is China's Trojan Horse**. https://thehill.com/opinion/technology/3694346-tiktok-is-chinas-trojan-horse/ (last accessed January 2025).

Plaintiff visited Defendant's Website during the statute of limitations period. Defendant secretly de-anonymized Plaintiff using electronic impulses generated from Plaintiff's device and helped TikTok track and eavesdrop on Plaintiff's personal life. Defendant violated and continues to violate California's Trap and Trace Law, codified at California Penal Code § 638.51.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a limited liability company formed in Delaware. Plaintiff also seeks damages for a nationwide class of thousands of members, which includes a request for $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

2. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

3. Plaintiff TANYA CANTU ("Plaintiff"), is a natural person residing in Tujunga, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

4. Defendant is an entity that sells clothing, shoes, and accessories, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

## FACTUAL ALLEGATIONS

**Defendant's Website and the Tik Tok Software Spies on Activists Like Plaintiff.**

5. Defendant operates the Website and has installed on the Website spyware created by TikTok – known as a "tracking pixel" – to identify and gather detailed information about website visitors (the "TikTok Software"). The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as

much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans. The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.[3]

6.   The TikTok Software begins to collect information the moment a user lands on the Website before any pop-up or cookie banner advises users of the invasion or seeks their consent. The TikTok Software also requests, validates, and transmits other identifying information, including a website visitor's phone numbers and email addresses.[4]

7.   According to a leading marketing analytics firm, the TikTok Pixel works as follows:

> The TikTok Pixel is an HTML code snippet that tracks user actions, behavior, and conversions across your website. It's added to your site through your backend dashboard and uses data and cookies to track users and serve them relevant ads on TikTok based on how they interacted with your site.
>
> The TikTok tracking pixel provides a better understanding of who your customers are and how they navigate around your site. Plus, the data you get from TikTok conversion tracking will ensure you're serving highly-targeted ad campaigns to the right people.
>
> Using the TikTok Pixel can help you collect important information about the people who buy from you. Here are some of the biggest benefits:
>
> **Effectively track conversions:** Easily track sales from TikTok ads once the code is implemented on your site (you can choose which conversions and events you want to track, such as "add to cart", "newsletter signups", or "sales").

---

[3] *See* https://ads.tiktok.com/business/en-US/blog/get-started-with-tiktok-pixel (describing TikTok pixel) (last accessed January 2025).
[4] *See* https://ads.tiktok.com/help/article/tiktok-pixel (identifying information gathered by TikTok tracking pixel) (last accessed January 2025).

> **Optimize ad campaigns:** The TikTok tracking pixel makes it easy to optimize your campaigns by feeding the algorithm information about your customers and their on-site habits.
>
> **Target custom audiences:** Advertise to users who already know who you are with the custom audiences feature (you can create audiences based on visitors who took a specific action, bought a product, or simply visited your site).
>
> **Easy to set up with ongoing rewards:** The TikTok pixel is relatively easy to set up and implement on your site. Once it's there, you have access to tons of data you can use to run successful ad campaigns.'[5]

8. According to a leading data security firm, the TikTok tracking pixel secretly installed on Defendant's Website is particularly invasive. The pixel "immediately links to data harvesting platforms that pick off usernames and passwords, credit card and banking information and details about users' personal health." The pixel also collects "names, passwords and authentication codes" and "transfer the data to locations around the globe, including China and Russia", and does so "before users have a chance to accept cookies or otherwise grant consent."[6]

9. By sharing Plaintiff's and class members' personal and de-anonymized data with TikTok, Defendant effectively "doxed" them to America's most formidable geopolitical adversary.[7]

10. Plaintiff is both (1) genuinely interested in the goods, services, and information available on Defendant's Website, and (2) a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law. As the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any

---

[5] *See* https://leadsbridge.com/blog/tiktok-pixel/ (last accessed January 2025).
[6] *See* Aaron Katersky, **TikTok Has Your Data Even If You've Never Used The App: Report**, https://abcnews.go.com/Business/tiktok-data-app-report/story?id=97913249 (last accessed January 2025).
[7] *See* https://www.techpolicy.press/transcript-us-supreme-court-oral-argument-on-tiktok (quoting U.S. Solicitor General's argument that "For years, the Chinese government has sought to build detailed profiles about Americans where we live and work, who our friends and coworkers are, what our interests are, and what our vices are. TikTok's immense data set would give the PRC a powerful tool for her harassment, recruitment, and espionage.").

impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023). In other words, Plaintiff is exactly the type of person who the Chinese Communist Party has used TikTok to spy upon in the past.

11. An image of the invasive TikTok code secretly embedded on Defendant's Website can be seen here, which shows the website instantly sending communications to TikTok to add to its collection of user behavior:



The website instantly sends communications to TikTok when a user views the page and track page interactions. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



**The TikTok Software is a Trap and Trace Device.**

12. California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

13. The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information. As such, it is a "trap and trace" device. *See Rodriguez v. Autotrader.com, Inc.*, - F. Supp. 3d -, No. 2:24-cv-08735-RGK-JC, 2025 WL 65409, at *5 (C.D. Cal. Jan. 8, 2025) (Klausner, J.).

14. The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed specifically for that purpose.

15. Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-

anonymization.

16. CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; *see Greenley v. Kochava*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023). No court order to install a trap and trace device via the TikTok Software was obtained by Defendant.

17. Defendant did not obtain Plaintiff's or class members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization, nor did Defendant obtain a court order.

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons who visited Defendant's Website while physically in the United States and whose personal information was shared with TikTok or other third parties by Defendant without effective and informed prior consent.**

19. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, shared Class Members' personal information with TikTok or other third parties without their consent and without giving them prior notice of such collection and disclosure within the one year prior to the filing of this action, thereby running afoul of Class members' reasonable expectations of privacy and causing them damage.

20. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class's members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records

maintained by Defendant.

22. Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class Members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant shared Class Members' personal information with TikTok or other third parties;

    b. Whether Defendant obtain effective and informed consent to do so;

    c. Whether Class Members are entitled to statutory penalties; and

    d. Whether Class Members are entitled to injunctive relief.

23. As a person who visited Defendant's Website and whose personal information was shared by Defendant, Plaintiff is asserting claims that are typical of the Class.

24. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

25. A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# CAUSES OF ACTION

# FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

### On Behalf of The Class

26. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

27. California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630 *et seq*.

28. CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties." CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

29. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

30. California Penal Code § 638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a). No court order to install a trap and trace device via the TikTok Software was obtained by Defendant.

31. Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

32. Defendant did not obtain consent from Plaintiff and Class Members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

33. CIPA imposes civil liability and statutory penalties for violations of § 638.51.

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

35. Therefore, Plaintiff and Class Members are entitled to the relief set forth below.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the class and making all appropriate class management orders;

2. Statutory damages pursuant to CIPA;

3. Reasonable attorneys' fees and costs; and

4. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 10th Day of February, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff